**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CR-00144-3-DCLC |
| | ) | |
| EMANUEL HAYGOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Emanuel Haygood's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines [Doc. 189]. The United States initially opposed the motion [Doc. 191]. In light of the Sixth Circuit's decision in *United States v. Hilton*, ___ F.4th ___, 2026 WL 2583134 (6th Cir. Sept. 1, 2026), however, the United States now concedes that Haygood is eligible for a reduction and defers to the Court's discretion on whether, and to what extent, to reduce his sentence [Doc. 197]. Haygood has replied and asks the Court to reduce his sentence to 77 months or time served, whichever is greater [Doc. 198]. For the reasons below, the motion is **GRANTED**, and Haygood's sentence is reduced to 77 months' imprisonment.

## I. BACKGROUND

In 2020, Haygood pleaded guilty to conspiring to distribute five grams or more of actual methamphetamine, an offense that carried a ten-year mandatory minimum sentence [Doc. 76 ¶ 82; Doc. 131]. At sentencing, he had a total offense level of 25 [Doc. 76 ¶ 32] and 10 criminal history points, which included two "status points" because he committed the offense while under a criminal justice sentence [*Id.* at 15-16]. *See* USSG § 4A1.1(d) (2018). Ten points placed him in

criminal history category V, which yielded a guideline range of 100 to 125 months' imprisonment. Because the ten-year mandatory minimum fell within that range, it restricted the range to 120 to 125 months' imprisonment. *See id.* § 5G1.1(c)(2). On the United States' motion for a downward departure under USSG § 5K1.1 and 18 U.S.C. § 3553(e), the Court sentenced Haygood below the mandatory minimum to 92 months' imprisonment [Docs. 131, 132]. Haygood has now served nearly 74 months. He has been transferred to a BOP camp facility in Lee, Virginia, and is scheduled to transition to a halfway house in December 2026.

## II. LEGAL STANDARD

Generally, courts may not modify terms of imprisonment once they have been imposed. 18 U.S.C. § 3582(c). However, § 3582(c)(2) provides an exception for a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). In such a case, the Court may reduce the defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

This is a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the Court determines whether a reduction is consistent with USSG § 1B1.10. *Id.* at 827. In order to determine whether a reduction is consistent with § 1B1.10, the Court calculates the amended guideline range that would have applied had the relevant amendment been in effect at sentencing, leaving all other guideline determinations unaffected. USSG § 1B1.10(b)(1). The Court generally may not reduce a sentence below the minimum of the amended range. *Id.* § 1B1.10(b)(2)(A). But if the original sentence fell below the guideline range on the government's motion for substantial assistance, the Court may impose a reduction comparably less than the amended range. *Id.* §

1B1.10(b)(2)(B). And if that motion permitted a sentence below a statutory minimum, the Court determines the amended range without regard to the statutory minimum. *Id.* § 1B1.10(c). In no event may the Court reduce a sentence to a term less than the time the defendant has already served. *Id.* § 1B1.10(b)(2)(C). Second, the Court considers any applicable § 3553(a) factors and determines whether the authorized reduction is warranted. *Dillon*, 560 U.S. at 827. The Court must consider the nature and seriousness of any danger to the public posed by a reduction; the Court may also consider the defendant's post-sentencing conduct. USSG § 1B1.10 cmt. n.1(B)(ii)–(iii).

## III. ANALYSIS

### A. Eligibility

The first issue is whether Haygood was sentenced "based on" a guideline range that Amendment 821 later lowered. 18 U.S.C. § 3582(c)(2). The United States originally argued that *Koons v. United States*, 584 U.S. 700 (2018), foreclosed relief [Doc. 191]. In *Koons*, the Supreme Court held that defendants whose guideline ranges were displaced by a mandatory minimum, and who received below-minimum sentences for substantial assistance, were not sentenced "based on" a subsequently lowered guideline range within the meaning of § 3582(c)(2). The Sixth Circuit has since made clear that when a mandatory minimum falls within the guideline range rather than wholly supplanting it, the sentence remains "based on" that range. *Hilton*, 2026 WL 2583134, at *5-7. That is Haygood's situation. The ten-year mandatory minimum fell within his original range of 100 to 125 months, so it narrowed the range rather than replaced it. *See* U.S.S.G. § 5G1.1(c)(2). And because *Koons* addresses only the "based on" issue, it "has no impact on § 1B1.10(c)'s applicability when [the court] arrive[s] at the question of whether Amendment 821 lower[s] [the defendant's] sentence." *Hilton*, 2026 WL 2583134, at *6. Considering *Hilton*, the United States now concedes that Haygood is eligible for a reduction [Doc. 197 at 2], and the Court agrees.

Amendment 821 lowered that range. Part A of the Amendment limited status points to defendants with seven or more criminal history points and reduced the number assigned from two to one. USSG § 4A1.1(e) (2023). The Commission made Part A retroactive. *Id.* § 1B1.10(d). Haygood now receives one status point rather than two, so his criminal history score drops from 10 to 9, and his criminal history category drops from V to IV. Because his original sentence fell below the statutory minimum on the United States' substantial-assistance motion, the Court determines his amended range without regard to that minimum. *Id.* § 1B1.10(c). A total offense level of 25 and a criminal history category of IV produce an amended range of 84 to 105 months. That range is lower than the range that applied at sentencing, so Haygood is eligible for a reduction.

B. Extent of the Reduction

Because Haygood's original sentence fell below the guideline range on the United States' substantial-assistance motion, the Court may impose a reduction comparably less than the amended range. *Id.* § 1B1.10(b)(2)(B). Haygood's original 92-month sentence was about 23 percent below the 120-month bottom of his original range. The same reduction from the 84-month bottom of the amended range would be 64 months. *See id.* § 1B1.10 cmt. n. 4. But the Court may not reduce Haygood's sentence below the time he has already served, approximately 74 months. *Id.* § 1B1.10(b)(2). The Court thus may reduce Haygood's sentence to as low as time served. The 77 month sentence Haygood requests falls within that authority.

**C. Section 3553(a) Factors**

The United States notes three considerations that could weigh against a reduction: two disciplinary sanctions, a "no interest" notation in a progress report, and his "medium" recidivism risk level. None persuades the Court that a reduction is unwarranted. Haygood's two sanctions

were for mail and phone abuse, were nonviolent, and date to 2021 and 2022. The "no interest" notation is an unexplained, two-word entry, and it does not square with the rest of the record: Haygood has completed drug education and the nonresidential drug treatment program, and he has sought placement in additional programming [Doc. 198 at 2]. Haygood's higher assessed risk level rests largely on static factors which predate incarceration, including the very criminal history score that Amendment 821 now lowers [*Id.* at 3–4].

Haygood's post-sentencing conduct supports a reduction. He has earned his GED and completed coursework, received positive reports for his work on a construction detail, and, according to his unit team, adjusted well to incarceration, interacted appropriately with staff and other inmates, and actively participated in evidence-based programming designed to reduce recidivism [Doc. 198 at 3; Doc. 189]. The BOP has since transferred him to a camp facility and has scheduled him for placement in a halfway house, indicating trust.

The Court does not minimize the seriousness of Haygood's methamphetamine-trafficking offense. A sentence of 77 months remains substantial, and it does not exhaust the full reduction that § 1B1.10(b)(2)(B) would permit. It reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate deterrence. 18 U.S.C. § 3553(a)(2)(A)–(B). It also avoids unwarranted disparities with similarly situated defendants sentenced under the amended guidelines. *Id.* § 3553(a)(6). Further, the term of supervised release that follows will protect the public and give Haygood access to further treatment if needed. *Id.* § 3553(a)(2)(C)–(D). Having considered the § 3553(a) factors, the danger to the public, and Haygood's post-sentencing conduct, the Court concludes that a reduction to 77 months is warranted.

## IV. CONCLUSION

For these reasons, Haygood's motion for a sentence reduction [Doc. 189] is **GRANTED**. His term of imprisonment is **REDUCED** from 92 months to **77 months**. Because Haygood has served approximately 74 months, that term is not less than the time he has already served. *See* USSG § 1B1.10(b)(2)(C). Except as otherwise provided in this Order, all provisions of the Judgment [Doc. 131] remain in effect.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge